

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,285-02

### EX PARTE DARRYL EARL DANIELS, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 114-0391-C IN THE 114TH DISTRICT COURT FROM SMITH COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to twenty years' imprisonment. The Twelfth Court of Appeals dismissed his appeal. *Daniels v. State*, No. 12-15-00023-CR (Tex. App.—Tyler Feb. 11, 2015) (not designated for publication).

Applicant contends, among other things, that he was denied his right to appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369

(Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond. *See Jones v. State*, 98 S.W.3d 700, 702 (Tex. Crim. App. 2003) ("If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court."). The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing trial counsel's response, the trial court shall make further findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 12, 2018

Do not publish.